USCA1 Opinion

 

 June 6, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1861 UNITED STATES, Appellee, v. FRANCISCO PEREZ-REYNOSO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Francisco A. Perez Reynoso on brief pro se. __________________________ Kevin G. Little on Anders brief for appellant. _______________ ______ ____________________ ____________________ Per Curiam. Francisco Perez Reynoso pled guilty to __________ possession of cocaine with intent to distribute in violation of 46 U.S.C. App. 1903(a)(b)(1) and (f) and 18 U.S.C. 2 and was sentenced to 108 months in prison. He then filed this appeal. Appellate counsel has now filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting the lack ______ __________ of any meritorious ground for appeal, and has moved to withdraw as counsel. Perez has filed a separate appellate brief and other materials challenging his guilty plea and sentence. Because the appeal presents no meritorious issues, we affirm Perez's conviction and sentence and grant counsel's motion to withdraw. I. Challenge to Guilty Plea ________________________ Perez contends, in substance, that his guilty plea was not voluntarily and knowingly entered. He claims that he never agreed to plead guilty in exchange for a government recommendation that he receive a ten-year, rather than a seven-year, sentence. He says in his appellate brief that he did not know that his recommended sentence would be ten years until he was in the plea hearing; in a different appellate submission, he states that he did not know he faced a ten- year sentence until he signed his plea agreement. Perez also claims that the government promised to recommend a seven-year sentence if he cooperated and that his first counsel had been negotiating a seven-year plea agreement when threats by his co-defendants made him obtain her dismissal. -2- We assess those claims in light of the following factors: their plausibility, the timing of Perez's challenge to his guilty plea; whether he asserts his innocence; and whether his plea was involuntary, in derogation of Rule 11 requirements, or otherwise legally suspect. See United ___ ______ States v. Lopez-Pineda, 55 F.2d 693, 696 (1st Cir.), cert. ______ ____________ _____ denied, 116 S. Ct. 259 (1995). All of those factors indicate ______ that Perez's guilty plea should be sustained.  The record does not support Perez's contention that his plea was not voluntarily or knowingly entered. The record shows that Perez knew the government would recommend a ten-year sentence before he pled guilty. The plea agreement he signed before pleading guilty explicitly stated that the ______ government would recommend a 120-month sentence (i.e., ten years). His attorney's alleged failure to tell him that the recommended sentence would be ten rather than seven years until right before he signed the plea agreement does not warrant invalidating his subsequent guilty plea. Since he knew by the time of the plea hearing that his recommended sentence was ten years, he did not reasonably rely on any earlier representation regarding a seven-year recommendation in pleading guilty. Finally, as the plea agreement and plea hearing transcript make clear, Perez knew before he pled guilty that the only terms and conditions applicable to his guilty plea were those contained in his written plea -3- agreement. Thus, he knew that any verbal representations concerning a seven-year sentence, allegedly made in earlier discussions between the government and his first counsel, did not apply.  Consideration of the other factors cited above shows as well that Perez's guilty plea should be sustained. As noted, Perez never asked the district court to allow him to withdraw his guilty plea; hence, his present challenge is very belated. Moreover, he does not assert his innocence, but only that he did not want to plead guilty if he received a ten-year sentence. He has not alleged that his guilty plea was coerced; indeed, in his plea agreement and at his plea hearing, he stated that it was not coerced. He has not alleged that he did not understand the charges to which he pled guilty. Lastly, the plea hearing was conducted in conformity with the requirements of Fed. R. Crim. P. 11. II. Challenge to Sentencing _______________________ On appeal, Perez suggests that his base offense level should have been less than 31 for two reasons. He says that he was a minimal, not just a minor, participant in the offense to which he pled guilty. See U. S. Sentencing ___ Guideline 3B1.2(a) & (b). He also claims that mitigating circumstances warranted a lower base offense level.  In part, Perez is asking us to relieve him of the concessions he made in his plea agreement -- that his base -4- offense level would be 31, that he was a minor (not minimal) participant, and that no further adjustments to his base offense level would be made -- which we perceive no basis for doing. We also note that the sentencing transcript indicates that Perez had ample opportunity to describe his mitigating circumstances at sentencing and that the court was influenced by his allocution. The court imposed the lowest sentence possible given Perez's sentencing guideline range -- a sentence which was twelve months lower than the one Perez agreed to in his plea agreement. Perez did not ask the court to depart downward from the sentencing guideline range. We affirm appellant's conviction and sentence and ___________________________________________________ grant appellate counsel's motion to withdraw. _____________________________________________ -5-